UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 5:17-cr-00589-EJD |
|---|---|
| Plaintiff, | |
| v. | **DETENTION ORDER** |
| BENJAMIN MORALES, | |
| Defendant. | |

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), the Government moved for detention of the defendant BENJAMIN MORALES, and the Court on December 4, 2017, held a detention hearing to determine whether any condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of any other person and the community. This order sets forth the Court's findings of fact and conclusions of law as required by 18 U.S.C. § 3142(i). The Court finds that detention is warranted.

The defendant was present at the detention hearing, represented by Assistant Federal Public Defender Varell Fuller and assisted by a Spanish-language interpreter. The Government was represented by Assistant U.S. Attorney Randall Leonard.

The defendant is charged by indictment in this District with one felony count of assault on a federal officer in violation of 18 U.S.C. § 111(b) and one felony count of destruction of government property in violation of 18 U.S.C. § 1361. The indictment arises from an incident during which the defendant and the alleged victim were operating vehicles on a freeway during commute hours. Defendant is alleged to have thrown a chisel at and broke the window of an automobile belonging to the Drug Enforcement Administration, with the chisel then making contact with the Drug Enforcement Agent who was operating the vehicle.

As documented in the ECF records, defendant initially appeared and was arraigned on November 29, 2017. A detention hearing was scheduled for December 4, 2017, and a Pretrial Services report was requested. The report prepared by Pretrial Services on December 1, 2017, recommends that defendant be detained because he poses a significant risk of danger to the community.

The detention hearing was held publicly. Both parties were allowed an opportunity to call witnesses and to present evidence. Both parties presented their arguments by way of proffer through counsel. Both parties may appeal this detention order to the assigned trial judge, U.S. District Judge Edward J. Davila.

### I. PRESUMPTIONS

The charged offense does not create a rebuttable presumption of detention.

### II. REBUTTAL OF PRESUMPTIONS

Not applicable.

### III. WRITTEN FINDINGS OF FACT AND STATEMENT OF REASONS

The Court has taken into account the factors set out in 18 U.S.C. § 3142(g) and all of the information submitted at the hearing and finds as follows:

The Court adopts the facts set forth in the Pretrial Services Report, supplemented by information presented at the hearing. The Court finds that the Government has established by more than a preponderance of the evidence that no condition or combination of conditions will reasonably mitigate the risk of danger to the community posed by defendant. The reasons for the detention include the following: the weight of the evidence that defendant committed the crimes charged; the impulsive and violent nature of the assault on the federal officer while both the officer and the defendant were operating vehicles moving at a high rate of speed endangering not only the lives of the alleged victim and the defendant but of innocent members of the public as well; defendant's extensive criminal history of more than 20 years, in particular four felony convictions all in the last 10 years for charges including burglary and auto theft; pending state court charges for armed robbery, including charges for false imprisonment, arising out of two

incidents, both of which involved the use of a firearm and at least one of which occurred after the incident charged herein; and defendant's unwillingness to address his substance abuse history.

### IV.     DIRECTIONS REGARDING DETENTION

The defendant is committed to the custody of the Attorney General or her designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant must be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on the request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

**SO ORDERED.**

Dated: December 5, 2017

_____
SUSAN VAN KEULEN
United States Magistrate Judge

3